UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WENDELL W. FAIRMAN, SR.

                Petitioner,

      V.                                         Case No. 06-C-864

STATE OF WISCONSIN,

                Respondent.

## ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS ON THE PETITION FOR HABEAS CORPUS

On August 11, 2006, Wendell W. Fairman, Sr. ("Fairman"), a prisoner incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested that he be able to proceed in forma pauperis.

On August 15, 2006, this court denied Fairman's motion to proceed in forma pauperis on the basis that the account information provided with Fairman's motion indicated that for the period February 3, 2006 to August 3, 2006 he has had an average monthly balance of $32.44 and an ending balance of $31.56 and therefore was able to pay the $5.00 filing fee.

On August 18, 2006, the court received a letter from Fairman that the court has construed as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). Based upon the reasons set forth in the petitioner's letter, the court shall grant Fairman's motion to proceed in forma pauperis. Although the petitioner currently has $31.56 in his trust account, Fairman alleges that this entire amount is held in his release account. Because the account statement makes no indication as to which funds are held in a release account versus the inmate's ordinary and accessible trust

1

account, the court clerk's office has contacted the institution and confirmed that Fairman's entire trust account balance is held in his release account. Funds held in release accounts are not available for paying court filing fees. See Beyer v. Cormier, 235 F.3d 1039, 1040 (7th Cir. 2000) (per curiam). Therefore, the court is satisfied that Fairman lacks the financial ability to pay the filing fee and thus his motion to proceed in forma pauperis shall be granted.

The court shall now screen the petition in accordance with its obligation set forth in Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Fairman asserts four ground for relief, all of which focus upon his guilty plea and the court's failure to conduct a plea colloquy. Fairman argues that his guilty plea was defective because the court did not engage in a plea colloquy to ensure that he understood his plea, did not inform him that the court was not bound to the terms of any plea agreement, did not inform him as to every element of the crime with which he was charged, did not inform him of the consequences of his plea.

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the state will be required to answer the petition.

**IT IS THEREFORE ORDERED** that Fairman's motion to proceed in forma pauperis is **granted**.

**IT IS FURTHER ORDERED** that a copy of Fairman's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

2

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or her attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers that do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge
