UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WENDELL W. FAIRMAN, SR.,**

        **Petitioner,**

        v.                                              Case No. 06-C-864

**RICHARD SCHNEITER, Warden,** [1]

        **Respondent.**

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On August 11, 2006, Wendell W. Fairman, Sr., ("Fairman"), a prisoner incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2006, this court screened Fairman's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. On September 14, 2006, the respondent answered the petition, and on September 27, 2006, Fairman replied. The pleadings on Fairman's petition are closed and the matter is ready for resolution. The parties have consented to the full jurisdiction to a magistrate judge.

**FACTS**

On August 4, 2004, pursuant to a no contest plea, Fairman was convicted of one count of manufacture or delivery of 1-5 grams of cocaine, in violation of Wisconsin Statute §961.41(a)(cm)1R. (Ans. Ex. A.) On September 23, 2004, Fairman was sentenced to five years initial confinement and three years of extended supervision. (Ans. Ex. A.) Fairman appealed his conviction on the ground that his plea was not knowing, voluntary, or intelligent. (Ans. Ex. B.) On

---

[1] Pursuant to Federal Rule of Civil Procedure 25, the caption of this case is amended to name the warden of the institution having custody over the petitioner as the respondent. See 28 U.S.C. § 2242.

April 19, 2006, the court of appeals summarily affirmed Fairman's conviction, (Ans. Ex. E), and on July 25, 2006, the Wisconsin Supreme Court denied review, (Ans. Ex. G).

**STANDARD OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

**ANALYSIS**

Fairman sets forth four related grounds for relief in his petition: (1) the trial court erred when it did not engage in a personal plea colloquy with him regarding his understanding of any plea agreement or sentencing; (2) the trial court erred when it did not advise him that it was not bound by any of the terms of the plea agreement; (3) the trial court erred when it did not engage in a plea colloquy with him regarding each element of the crime; and (4) the trial court erred when it did not advise him of the consequences of his plea. (Docket No. 1.)

There is no federal constitutional requirement that a state court engage in a plea colloquy with a defendant prior to accepting the defendant's guilty plea. Stewart v. Peters, 958 F.2d 1379,

1384-85 (7th Cir. 1992) (citing cases). Although Federal Rule of Criminal Procedure 11(b) establishes certain procedures that must be followed when accepting the plea of a defendant charged in federal court, this rule does not impose any obligations or set any fixed procedures that state courts must follow. Id. at 1385. Rather, the United States Constitution simply requires that all courts take sufficient steps to ensure that the defendant's plea is knowing, voluntary, and intelligent. Bousley v. United States, 523 U.S. 614, 618 (1998) (citing Brady v. United States, 397 U.S. 742, 748 (1970)). A plea colloquy in which the court addresses specific questions is one way the trial court may ensure that these rights are protected but in the absence of a colloquy, a defendant's plea is not necessarily constitutionally defective. See, e.g., Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1992).

According to the transcript of Fairman's plea hearing, Fairman reached a plea agreement where counts three and four would be dismissed, count one dismissed but read in for sentencing purposes, a separate misdemeanor charge would be dismissed, and the penalty enhancer would be removed with respect to count two, in exchange for Fairman's plea of no contest to count two. (Ans. Ex. H.) The court then confirmed with Fairman that he had completed a plea questionnaire and waiver of rights form. (Ans. Ex. H.) Although this court has not been provided a copy of Fairman's completed form, the court is nonetheless familiar with this standard Wisconsin Circuit Court form. See, Form CR-227, *05/04 Plea Questionnaire/Waiver of Rights*, available at http://www.wicourts.gov/formdisplay/CR-227.pdf?formNumber=CR-227&formType=Form&formatId=2&language=en.

> The following colloquy is set forth in the record:
>
> THE COURT: Okay. Mr. Fairman, you're entering that plea of no contest freely and voluntarily?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: You understand if the Court accepts that plea you will be found guilty and judgment of conviction entered?

-4-
Case 2:06-cv-00864-AEG   Filed 02/12/08   Page 4 of 6   Document 29

    THE DEFENDANT: Yes.
    * * *
    THE COURT: [Your attorney] has gone over with you the elements of that crime?
    THE DEFENDANT: Yes, he has.
    THE COURT: He's also gone over with you the potential penalties?
    THE DEFENDANT: Yes, he has.
    THE COURT: He's explained to you the burden of proof that would be on the State if this matter went to trial?
    THE DEFENDANT: Yes, he has.
    THE COURT: Has he also explained to you all of your constitutional rights that you are waiving?
    THE DEFENDANT: Yes.
    THE COURT: He's gone over with you all of the other information on the plea questionnaire and waiver of rights form?
    THE DEFENDANT: Yes, he has.
    THE COURT: Do you understand all of that information.
    THE DEFENDANT: Yes, I do.
    THE COURT: Do you have any questions whatsoever?
    THE DEFENDANT: No, I don't at this time.
    THE COURT: Do you need any more time to go over your plea decision or any of the information on the plea questionnaire with your attorney?
    THE DEFENDANT: No, I don't.

(Ans. Ex. H.)

The court then examined Fairman's attorney who stated that he was satisfied that Fairman was entering his no contest freely and voluntarily, that there was a factual basis for the plea, that he went over all the elements of the crime, the potential penalties, the burden of proof, his constitutional rights, and all other aspects of the plea questionnaire with Fairman, and his attorney was satisfied that Fairman understood all of this information. (Ans. Ex. H.)

Relying upon this colloquy and Fairman's written plea questionnaire/waiver of rights form, the court of appeals rejected Fairman's claim for relief. The court of appeals specifically noted that

> [i]n the "Understandings portion of Fairman's signed plea questionnaire/waiver of rights is the following: "I understand that the judge is not bound by any pleas agreement or recommendations and may impose the maximum penalty." Such here suffices to demonstrate that Fairman understood that the court was not bounds by any pleas agreement. We need address this point no further.

Based on the foregoing, the court finds no basis to support Fairman's claims. The record establishes that Fairman's plea was knowing, intelligent, and voluntary, and thus conformed with constitutional requirements. Therefore, this court is unable to say that the decision of the state court was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and thus this court must deny Fairman's petition.

**IT IS THEREFORE ORDERED** that Fairman's petition for a writ of habeas corpus is **denied**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge