# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WENDELL W. FAIRMAN, SR.,**

    Petitioner,

v.                                              **Case No. 06-CV-864**

**RICHARD SCHNEITER,**

    Respondent.

## ORDER

On August 11, 2006, Wendell W. Fairman, Sr., ("Fairman"), a prisoner incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2006, this court screened Fairman's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. On September 14, 2006, the respondent answered the petition, and on September 27, 2006, Fairman replied. Following all parties consenting to the full jurisdiction of a magistrate judge, this court denied Fairman's petition on its merits on February 12, 2008. On February 22, 2008, Fairman filed a notice of appeal.

Before a person incarcerated pursuant to a state court judgment may appeal the decision of a district court regarding a petition for a writ of habeas corpus, the petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c).

> A notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application. Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). But a petitioner who relies on his notice of appeal is hard put to meet the

statutory standard, for a certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A notice of appeal does not give reasons, and a silent document rarely constitutes a "substantial showing" of anything.

West v. Schneiter, 485 F.3d 393, 394-395 (7th Cir. 2007)

Fairman has failed to present any reasons as to why a certificate of appealability should be granted and thus has failed to make a "substantial showing of the denial of a constitutional right." Therefore, this court must deny Fairman's request for a certificate of appealability.

**IT IS THEREFORE ORDERED** that Fairman's request for a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin this 25th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

2