# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WENDELL W. FAIRMAN, SR.,**

        Petitioner,

**v.**                                        **Case No.  06-C-864**

**RICHARD SCHNEITER,**

        Respondent.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Following this court's denial of the petitioner's habeas corpus petition on its merits, the petitioner filed a notice of appeal. The petitioner did not separately request a certificate of appealability, as is required under 28 U.S.C. § 2253(c)(1)(A) before any appeal may be undertaken. As is required under Federal Rule of Appellate Procedure 22(b)(1), this court construed his notice of appeal as a request for a certificate of appealability. However, because the petitioner failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), in his notice of appeal, this court denied the certificate of appealability in accordance with West v. Schneiter, 485 F.3d 393, 394-395 (7th Cir. 2007).

The petitioner now seeks this court to reconsider its denial of a certificate of appealability.

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." Ahmed v.

Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828.

See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995).

Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3-5 (N.D. Ind. 2007). "Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

The petitioner argues that reconsideration is appropriate because he did not know that a certificate of appealability was required to undertake an appeal. Even though the petitioner is proceeding pro se, his argument, which can best be described as ignorance of the law, is insufficient to excuse the petitioner's failure to comply with procedural rules. "[R]ules apply to uncounseled litigants and must be enforced." Members v. Paige, 140 F.3d 699, 702 (7th Cir. 1998) (quoting

<u>McNeil v. United States</u>, 508 U.S. 106, 112-13 (1993)); <u>see also</u> <u>Downs v. Westphal</u>, 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting <u>Jones v. Phipps</u>, 39 F.3d 158, 163 (7th Cir. 1994)). The petitioner has failed to demonstrate extraordinary circumstances to warrant reconsideration of this court's prior order, and therefore the court must deny the petitioner's present motion.

**IT IS THEREFORE ORDERED** that the petitioner's motion for reconsideration of this court's denial of a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin this <u>29th</u> day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

3